# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10810

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2018

Lyle W. Cayce
Clerk

JACKIE SUE LADAPO,

     Plaintiff - Appellant

v.

TARGET STORES, INCORPORATED,

     Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CV-2602

Before JONES, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

     Jackie Ladapo was employed by Boots Retail USA, Inc. to sell its brand of beauty products in Target stores. Ladapo sued Target, alleging that the drawer in which she stored her beauty supplies was defective and she was injured when it fell out and landed on her foot. She appeals from the district court's grant of summary judgment to Target, claiming that use of the drawer was necessary for her job and that Target had failed to make its premises safe.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10810

Generally, an "owner or occupier owes no duty to his invitees either to eliminate or warn of dangerous conditions on the premises which are as well known to them as they are to him." *Delhi-Taylor Oil Corp v. Henry,* 416 S.W.2d 390, 392 (Tex. 1967). Ladapo has repeatedly conceded that she was aware of the potential hazard posed by the defective drawer. Accordingly, Target had no duty to warn Ladapo about the drawer.

Ladapo attempts to sidestep this principle by invoking the "necessary use" exception. That exception applies "when the invitee necessarily must use the unreasonably dangerous premises, and despite the invitee's awareness and appreciation of the dangers, the invitee is incapable of taking precautions that will adequately reduce the risk." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015). Ladapo's employer, Boots Retail, was an independent contractor of Target's. Assuming without deciding that the necessary use exception applies to independent contractors and their employees, Ladapo has failed to demonstrate that the use of the particular drawer in question was actually necessary to her work. To the contrary, Texas law generally treats an employee's encounter with a hazardous condition "as voluntary in nature, even though it was part of [her] work duties." *Id.* at 213.

Ladapo additionally alleges she was a third-party beneficiary of the contract between Boots and Target, such that Target owed her a contractual duty to repair the defective drawer. The district court remarked in its opinion that a third-party beneficiary may be able to recover for breach of contract but Ladapo had not made that argument. On appeal, she merely states the claim without supporting it with any analysis or caselaw. Such is insufficient.

The district court correctly granted summary judgment to Target.

AFFIRMED.

2